UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DAVID SHEPHERD** § | |
| *Plaintiff,* § | |
| § | |
| v. § | **CIVIL ACTION NO. 4:24-cv-4541** |
| § | |
| **DENNIS WAYNE TOLLETT** § | |
| *Defendant.* § | |
| § | |

**PROPOSED AGREED DRAFT JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1. **Rule 26(f) meeting**. State where and when the parties met as required by Rule 26(f). Identify the counsel who attended for each party.

   **The meeting of the parties took place Telephonically on 1/7/25 between Faizan Ghaznavi, counsel for Plaintiff and Travis Hookham, counsel for Defendant.**

2. **Jurisdiction**.

   a. **Basis**. Specify the basis of federal jurisdiction. Identify any disagreements about jurisdiction.

      **This case is removed on the basis that this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and may be removed to this Court pursuant to 28 U.S.C. § 1441 in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties.**

   b. **Diversity**. For jurisdiction based on diversity, identify any disagreement about the amount in controversy. If the case involves an unincorporated entity as a party (such as an LLC, LLP, or partnership), state the citizenship of every member. Any such party must also attach to this filing an affidavit or declaration establishing the citizenship of every member.

      **Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000 to which the Defendant disagrees. This case does not involve an unincorporated entity as a party.**

3. **Case background**.

   a. **General description**. Briefly describe what this case is about. In addition, state the elements of each cause of action, defense, and counterclaim.

   **This case pertains to a motor vehicle accident which occurred on or about April 1, 2023. Plaintiff claims that he was traveling south bound at the intersection of Yale Street and 21st Street in Harris County, Texas when Defendant failed to yield the right of way, disregarded a stop sign, and collided with Plaintiff's vehicle causing him injuries and damages. Plaintiff has sued Defendant for negligence. Plaintiff claims damages in the form of (1) past and future physical pain and suffering; (2) past and future mental anguish; (3) past and future physical impairment; (4) past and future reasonable and necessary medical expenses; (5) past lost wages; and (6) future loss of earning capacity.**

   **To prevail on his negligence cause of action, Plaintiff must prove the Defendant owed him a duty of care, breached that duty of care, and that Defendant's breach proximately caused his damages.**

   b. **Related cases.** List all related cases pending in any other state or federal court. Identify the court and case number. Describe how it relates to this case.

   **None.**

   c. **Narrowing factual issues.** Specify any agreements or stipulations that can be made about any relevant facts or any element in the cause(s) of action.

   **None.**

   d. **Narrowing legal issues.** State any legal issues that can be narrowed by agreement or by motion.

   **None.**

   e. **Class issues.** Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify the basis for any opposition.

   **Not applicable.**

4. **Parties.**

   a. **Unserved parties.** List any unserved parties. State a date certain by which such party will be served.

   **Not applicable.**

   b. **Additional parties.** List any anticipated additional parties. Identify the party seeking to add them, briefly explain why, and indicate a date by which to do so.

   **The parties do not anticipate any additional parties being joined into this lawsuit.**

   c. **Interventions.** List and briefly explain any anticipated interventions.

   **None.**

   d. **Interested persons.** Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons.

   **Certified.**

5. **Discovery.**

   a. **Initial disclosures.** State whether each party has completed its Rule 26(a) disclosures. If not, specify the date by which each party will do so.

   **The parties will serve their initial disclosures on or before February 1, 2025.**

   b. **Topics.** Specify the topics upon which discovery is needed. State whether the parties considered conducting discovery in phases.

   **Liability and damages.**

   c. **Completed.** Specify any discovery already underway or accomplished.

   **None.**

   d. **Limitations.** Describe any requested change to limitations set by the Federal Rules of Civil Procedure as to interrogatories, depositions, or other matter.

   **None.**

e. **Preservation.** Describe any issues about preservation of discoverable information.

   **None.**

f. **Disputes.** Specify any discovery disputes.

   **None.**

6. **Orders.**

   a. **Scheduling and docket control order.** State whether any party requests a change to the scheduling and docket control order entered in this case. Specify reasons for any extension believed necessary and clearly indicate any disagreements. Complete and attach a proposed scheduling and docket control order reflecting any extension sought.

      **None.**

   b. **Protective order.** State whether the parties will submit for entry of a protective order. Describe any issues about confidentiality.

      **Not applicable.**

   c. **E-discovery order.** State whether the parties will submit for entry of an order with respect to electronic discovery. Describe any issues about disclosure or discovery of electronically stored information.

      **Not applicable.**

7. **Settlement.** Discuss the possibility for prompt, agreed resolution of the case at the Rule 26(f) meeting. State whether the parties are amenable to early mediation or other settlement attempt.

   **Plaintiff is in the process of confirming medical bills and will make a settlement demand on or before March 3, 2025.**

8. **Trial.**
   a. **Magistrate Judge.** Indicate the parties' joint posture on referral of this case for all purposes, including trial, to Magistrate Judge.

      **The parties have agreed to proceed before a Magistrate Judge.**

   b. **Jury demand.** Identify any party that has made a jury demand and whether it was timely.

**Defendant made a jury demand on November 25, 2024.**

c. **Length of trial.** Specify the number of hours it will likely take to present the evidence at trial in this case.

**3 days.**

9. **Pending motions.** List all pending motions. Specify any appropriate for argument at the initial pretrial conference.

    **None.**

10. **Other matters.** List any other matter that deserves attention at the initial pretrial conference.

    **None.**

    Respectfully submitted,

    **LANZA LAW FIRM, P.C.**

    */s/ Travis Hookham*
    **NICK LANZA**
    *Attorney in Charge*
    TBA No. 11941225
    Federal Bar No. 11333
    **W. TRAVIS HOOKHAM**
    TBA No. 24115491
    Federal Bar No. 3855334
    2502 Algerian Way
    Houston, Texas 77098
    eservice@lanzalawfirm.com
    thookham@lanzalawfirm.com
    (713) 432-9090 Telephone
    (713) 668-6417 Facsimile
    ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

  I certify that a true and correct copy of this document was sent to all known counsel of record on January 28, 2025.

Faizan Ghaznavi
Bar No. 24127475
Southern District of Texas No. 3857786
faizan@treybartonlaw.com
THE LAW OFFICE OF RICHARD L. BARTON, III, PLLC
4151 Southwest Freeway, Suite 675
Houston, Texas 77027
(832) 916-2526
(832) 916-2646- Facsimile

Richard "Trey" Barton, III,
Bar No. 24089982
Southern District of Texas No. 2421910
trey@treybartonlaw.com
THE LAW OFFICE OF RICHARD L. BARTON, III, PLLC
4151 Southwest Freeway, Suite 675
Houston, Texas 77027
(832) 916-2526
(832) 916-2646- Facsimile

               */s/ Travis Hookham*
               W. TRAVIS HOOKHAM